UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK WEBSTER,

                Plaintiff,

v.

MICHIGAN DEPARTMENT OF CORRECTIONS, *et al.*,

                Defendants.

Case No. 22-cv-12847
Honorable F. Kay Behm
Magistrate Judge Elizabeth A. Stafford

**REPORT AND RECOMMENDATION TO GRANT MDOC DEFENDANTS' MOTION TO DISMISS (ECF NO. 13) AND TO SUA SPONTE DISMISS THE CASE**

**I.    Introduction**

Plaintiff Mark Webster, a prisoner of the Michigan Department of Corrections' (MDOC), filed this pro se civil rights action under 42 U.S.C. § 1983, advancing claims arising from his incarceration at the Macomb Correctional Facility. ECF No. 1. He asserts claims for denial of medical care in violation of the Eighth Amendment, disparate treatment in violation of the Fourteenth Amendment, and failure to accommodate in violation of the Americans with Disabilities Act and the Rehabilitation Act. *Id.*, PageID.6. The Honorable F. Kay Behm referred the case to the

undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 9.

Defendants MDOC, Willis Chapman, Regina Jenkins-Grant, George Stephenson, James Malloy, Thomas Jordan, Robert Loxton, and Kristopher Steece ("MDOC defendants") move to dismiss for failure to state a claim. ECF No. 13. The Court **RECOMMENDS** that the MDOC defendants' motion be **GRANTED** and that the entire case be **DISMISSED** sua sponte.

II. Analysis

A.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal sufficiency. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must

2

show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

In deciding whether a plaintiff has set forth a plausible claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations. *Id.* But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678, and the Court has no duty to create a claim not spelled out in the pleadings, *Freightliner of Knoxville, Inc. v. DaimlerChrysler Vans, LLC*, 484 F.3d 865, 871 n.4 (6th Cir. 2007). Pleadings filed by pro se litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers, but such complaints still must plead a plausible claim for relief. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012); *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007).

**B.**

The MDOC defendants argue that Webster fails to state a claim because he makes no factual allegations giving notice of the grounds for the claims or setting forth each defendants' personal involvement. ECF No. 13, PageID.65. The Court agrees.

3

Section 1983 provides a cause of action for deprivations of rights secured by the Constitution and federal laws. *Johnson v. City of Detroit*, 446 F.3d 614, 618 (6th Cir. 2006). A complaint must "give the defendant fair notice *of what the claim is* and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (cleaned up). Rule 8(a)(2) "requires a showing, rather than a blanket assertion, of entitlement to relief," and "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only fair notice of the nature of the claim, but also grounds on which the claim rests." *Id.* at 555 n.3.

Webster does not satisfy this pleading standard. Although he asserts claims of denial of medical care, disparate treatment, and failure to accommodate, he makes no factual allegations about the events giving rise to those claims. ECF No. 1, PageID.6. The complaint repeatedly states, "See attached complaint for anything further." *Id.*, PageID.6-17. But there is no addendum attached to the complaint or anywhere else on the docket. Webster's paragraph-long response does not address the lack of facts, summarily arguing that the complaint is "clear and direct." ECF No. 16, PageID.73. Webster also argues that Jordan, Loxton, and White denied him medical care and "cuffed and punished plaintiff for being disabled." *Id.* But he asserts no other facts explaining when the events occurred or what

happened. This is not enough to satisfy the pleading standard under Rule 8(a).

Webster also fails to allege each defendant's personal involvement. To state a cognizable claim under § 1983, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see also Pineda v. Hamilton Cnty., Ohio*, 977 F.3d 483, 490 (6th Cir. 2020) (each defendant must be personally involved in the unconstitutional action). Blanket allegations against "defendants" generally, without stating with particularity what each defendant did to violate the asserted constitutional right, is not enough. *See Boxill v. O'Grady*, 935 F.3d 510, 518 (6th Cir. 2019) (citing *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 564 (6th Cir. 2011)). Given the dearth of factual allegations, Webster does not allege any defendant's involvement in the alleged constitutional violations.

Webster's pleadings are deficient not only as to the MDOC defendants but as to all defendants. Under the Prison Litigation Reform Act, courts are required sua sponte to dismiss complaints that are frivolous, fail to state a claim, or seek monetary relief from an immune defendant. 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (requiring the same

5

for actions brought in forma pauperis). Thus, Webster's claims against all defendants should be dismissed.

### III. Conclusion

The Court **RECOMMENDS** that the MDOC defendants' motion to dismiss be **GRANTED** (ECF No. 13) and that the entire case be sua sponte **DISMISSED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: September 6, 2023

### NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections lack merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 6, 2023.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager